The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>TROY V. OLSEN, an Idaho resident; DIKATA, INC., an Idaho corporation; and JOHN DOES 1-20,<br><br>  Defendants. | CASE NO. C06-1835-RSM<br><br>PROTECTIVE ORDER REGARDING HANDLING OF TRADE SECRETS AND CONFIDENTIAL MATERIAL |

THIS MATTER came before the Court on the agreed motion of plaintiff Microsoft Corporation and defendants Dikata, Inc., and Troy Olsen, for entry of a Protective Order Regarding Handling of Trade Secrets and Confidential Material.  Having considered the parties' agreed motion and the other pleadings and papers filed in this matter, and to protect the confidentiality of proprietary and trade secret information contained in documents produced and information disclosed in this litigation,

IT IS HEREBY ORDERED that the following Protective Order be entered in this matter and that the parties shall follow the procedures set forth below with respect to information, documents, or things produced in this litigation:

PROTECTIVE ORDER REGARDING HANDLING OF
TRADE SECRETS AND CONFIDENTIAL MATERIAL - 1
CASE NO. CV06-1835-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1.	This Order shall be applicable to and govern all depositions, documents, information or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence and other information which the disclosing party designates as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" hereafter furnished, directly or indirectly, by or on behalf of any party or any nonparty witness in connection with this action.  As used herein, "disclosing party" shall refer to the parties to this section or to third parties who give testimony or produce documents or other information.

2.	The following information may be designated as "CONFIDENTIAL MATERIAL":  any trade secret or other confidential research, design, development, financial, or commercial information, as such terms are used in Rule 26(c)(7) and any applicable case law interpreting Rule 26(c)(7), contained in any document, discovery response or testimony.

3.	The following information may be designated as "ATTORNEYS ONLY MATERIAL":  any trade secret or other confidential research, design, development, or commercial information, as such terms are used in FRCP 26(c)(7) and any applicable case law interpreting Rule 26(c)(7), contained in any document, discovery response, or deposition testimony, that is entitled to a higher level of protection due to its commercial sensitivity.

4.	In designating information as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL," a disclosing party shall make such a designation only as to materials which it in good faith believes is confidential.  "CONFIDENTIAL MATERIAL" and "ATTORNEYS ONLY MATERIAL" shall be used by the parties to this litigation solely for the purpose of conducting this litigation, but not for any other purpose whatsoever.

5.	In the absence of written permission from the disclosing party, or an order of the Court, information designated as "CONFIDENTIAL MATERIAL" shall be used solely for the

purposes of litigation between the parties hereto, and may be disclosed by the parties only to the following persons:

      a.    The attorneys working on this action on behalf of any party, including in-house attorneys and staff, stenographic and clerical employees and contractors working under the direct supervision of such counsel;

      b.    Any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work.  Such experts and consultants shall not be current employees of a party or employed by a party within six (6) months prior to the disclosure of Confidential Information;

      c.    Employees of a party who are required by such party to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

      d.    Any person of whom testimony is taken, except that such person may only be shown copies of "CONFIDENTIAL MATERIAL" in preparation for and during his testimony, and may not retain any "CONFIDENTIAL MATERIAL"; and

      e.    The Court, jury, court personnel, court reporters, and other persons connected with the Court.

6.    In the absence of written permission from the disclosing party, or an order of the Court, information designated as "ATTORNEYS ONLY MATERIAL" shall be used solely for the purposes of litigation between the parties hereto, and may not be disclosed to any employee, officer, or director of a party except as set forth below:

      a.    The persons set forth in paragraph 5(a);

      b.    Any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 5(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work.  Such

PROTECTIVE ORDER REGARDING HANDLING OF
TRADE SECRETS AND CONFIDENTIAL MATERIAL - 3
CASE NO. CV06-1835-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

experts and consultants shall not be current employees of a party or employed by a party within six (6) months prior to the disclosure of Confidential Information;

   c. Any person of whom testimony is taken, except that such person may only be shown copies of "ATTORNEYS ONLY MATERIAL" in preparation for and during his testimony, and may not retain any such material; and

   d. The Court, jury, court personnel, court reporters, and other persons connected with the Court.

  7. The persons described in paragraphs 5(b) and (c) shall have access to the "CONFIDENTIAL MATERIAL," and the persons described in paragraphs 6(b) and(c) shall have access to the "ATTORNEYS ONLY MATERIAL" only after they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT." A list shall be maintained by counsel for the parties hereto of the names of all persons (except for counsel and their support personnel) to whom "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel upon request, other than the names of experts and consultants to whom information has been disclosed pursuant to paragraphs 5b and 6b (if such request is made prior to the date that expert disclosures are due per the Court's scheduling order). The names of such experts (whether testifying or consulting) and consultants shall be provided in the form of a list to opposing counsel on the date expert disclosures are due per the Court's scheduling order. Nothing in this order shall be deemed a waiver of confidentiality or privilege concerning the work product or opinions of any non-testifying consultant. Nothing in this order shall permit a party, during trial, to make an otherwise impermissible reference to the identity of any non-testifying consultant employed by another party or to the fact that one or more consultants retained by another party are not testifying. Similar but separate lists shall also be maintained with respect to third parties' material that is designated as "CONFIDENTIAL

PROTECTIVE ORDER REGARDING HANDLING OF
TRADE SECRETS AND CONFIDENTIAL MATERIAL - 4
CASE NO. CV06-1835-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

MATERIAL" or "ATTORNEYS ONLY MATERIAL."  At the time of the termination of this lawsuit by settlement, judgment or otherwise, the parties shall provide opposing counsel with a copy of the pertinent aforementioned lists.  The persons receiving "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" are enjoined from disclosing that material to any other person, except in conformance with this Order.

8.      Each individual who receives any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.  Each individual (other than court personnel) who receives any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" shall be provided with a copy of this Protective Order by the person providing such material.

9.      The recipient of any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.  "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this lawsuit.  All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of the Order, and labeled in the same manner as the designated material on which they are based

10.     Disclosing parties shall designate "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" as follows:

      a.      In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on every page of any such document prior to production:

PROTECTIVE ORDER REGARDING HANDLING OF
TRADE SECRETS AND CONFIDENTIAL MATERIAL - 5
CASE NO. CV06-1835-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

"CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL."  In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" at the tine of its production, that party may at any time thereafter stamp or otherwise designate the document or other information as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL."  Such document or other information shall be treated as designated beginning at the time such designation occurs.

      b.    In the case of depositions, designation of the portion of the transcript (including exhibits) which contains "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the party to whose "CONFIDENTIAL MATERIAL" OR "ATTORNEYS ONLY MATERIAL" the deponent has had access, which counsel shall designate within fourteen (14) days after counsel's receipt of the transcript.  During those fourteen days, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL MATERIAL," unless counsel during the deposition states that the information is "ATTORNEYS ONLY MATERIAL" in which case that portion of the deposition designated as "ATTORNEYS ONLY MATERIAL" shall carry that designation for the fourteen day period.

      c.    Any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" produced in a nonpaper media (*e.g.*, videotape, audiotape, computer disk, etc.) may be designated as such by labeling the outside of such nonpaper media as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" and filing this material in a sealed envelope with a legend described in paragraph 9(c).  In the event a receiving party generates any "hard copy," transcription, or printout from any such designated nonpaper media, such party must treat each copy, transcription, or printout as designated and label it in a manner effective to ensure proper treatment.

PROTECTIVE ORDER REGARDING HANDLING OF
TRADE SECRETS AND CONFIDENTIAL MATERIAL - 6
CASE NO. CV06-1835-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax:  (206) 676-7001

11.     A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation.  The parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before ten (10) days after the producing party is served with said written notice. However, in the event of a dispute about the propriety of a designation that arises in connection with the denial of a motion to seal (*see* paragraph 15 below), the party challenging the designation may request an immediate telephonic motion pursuant to Local Rule 7(h) to resolve the matter.  The burden of proving that information has been properly designated as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" is on the party making such designation.

12.     Documents containing "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" of any party shall not be filed with the Court unless it is necessary to do so for purposes of trial, substantive motions, including without limitation, motions for preliminary injunction or summary judgment, or other Court matters.  The parties shall take all reasonable steps to file "CONFIDENTIAL MATERIAL" and "ATTORNEYS ONLY MATERIAL" under seal pursuant to FRCP 26(c)(7) and Local Rule 5(g).

13.     Any party including "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" in a filing with the Court (whether in pleadings, declarations, exhibits, or otherwise) will, contemporaneously with such filing, file a motion to seal any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" included in the filing, regardless which party designated the materials as such.  Such a motion to seal shall be

PROTECTIVE ORDER REGARDING HANDLING OF
TRADE SECRETS AND CONFIDENTIAL MATERIAL - 7
CASE NO. CV06-1835-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

noted for consideration seven (7) judicial days after filing in accordance with Local Rule 7(d). The party filing the motion to seal will within the motion show why any materials that it designated as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" should be sealed pursuant to FRCP 26(c)(7) and Local Rule 5(g). If any documents or information included in the court filing were designated "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" by a nonmoving party, that party may file a response in support of the motion to seal no later than three (3) judicial days before the note date showing why such materials should be sealed pursuant to FRCP 26(c)(7) and Local Rule 5(g).

14. The Clerk of the Court is directed to maintain under seal all documents and all transcripts of deposition testimony filed with this Court in this litigation by any party which are, in whole or in part, designated as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL," including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information, **PROVIDED** that such documents are ordered sealed by the Court or are the subject of a pending motion to seal. The party filing such material shall designate to the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal. A complete, unredacted set of documents filed under seal shall be provided by the filing party to opposing counsel the same day the documents are filed.

15. In the event the Court denies a motion to seal documents containing either "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL," the Clerk of Court shall remove the documents subject to the motion to seal from the Court file and such documents shall not be considered by the Court. In this situation, not later than three (3) judicial days after the date of the Court's denial of a motion to seal, the filing party may, at its option, file replacement documents that do not contain either the "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" designation, which shall be considered by the Court.

PROTECTIVE ORDER REGARDING HANDLING OF
TRADE SECRETS AND CONFIDENTIAL MATERIAL - 8
CASE NO. CV06-1835-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

16. In the event that any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" is used in any court proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

17. If "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

18. Nothing in this Order shall preclude any party to the lawsuit or their attorneys (a) from showing a document designated as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" to an individual who either prepared the document prior to the filing of this action, or is identified on the face of the document as an addressee or copy addressee, or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL."

19. In the event any receiving party having possession, custody or control of any "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a nonparty to this action, such receiving party shall notify counsel for the producing party or third party of the subpoena or other process or order, furnish counsel for the producing party or third party with a copy of said subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the producing party or third party whose interests may be affected. The producing party or third party asserting the "CONFIDENTIAL

PROTECTIVE ORDER REGARDING HANDLING OF
TRADE SECRETS AND CONFIDENTIAL MATERIAL - 9
CASE NO. CV06-1835-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

MATERIAL" or "ATTORNEYS ONLY MATERIAL" treatment shall have the burden of defending against such subpoena, process or order. The receiving party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the producing party or third party asserting the "CONFIDENTIAL MATERIAL" or "ATTORNEYS ONLY MATERIAL" treatment is successful in obtaining an order modifying or quashing the subpoena or other process or order.

20. If information subject to a claim of attorney-client privilege or work product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. Upon written request by the inadvertently producing party or third person, the receiving party shall: (a) return the original and all copies of such documents or promptly petition the Court for a determination whether (i) production is properly deemed inadvertent or (ii) the document is subject to a claim of privilege; and (b) shall not use such information for any purpose unless allowed by order of the Court.

21. Within sixty (60) days of the termination of litigation between the parties, all "CONFIDENTIAL MATERIAL," all "ATTORNEYS ONLY MATERIAL," and all copies thereof, shall be returned to the party which produced it or shall be destroyed. Counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product.

22. Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of this action.

23. This Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

24. This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material

PROTECTIVE ORDER REGARDING HANDLING OF
TRADE SECRETS AND CONFIDENTIAL MATERIAL - 10
CASE NO. CV06-1835-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable law.

IT IS SO ORDERED:

DATED this _26_ day of February, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

*Presented by:*

SUMMIT LAW GROUP PLLC              K&L GATES

By /s/ Lawrence C. Locker           By /s/ Theodore J. Angeles
   Ralph H. Palumbo, WSBA #04751       David A. Bateman, WSBA #14262
   Lawrence C. Locker, WSBA #15819     Theodore J. Angeles, WSBA #30300
   *ralphp@summitlaw.com*              *david.bateman@klgates.com*
   *larryl@summitlaw.com*              *theo.angelis@klgates.com*

Attorneys for Defendants Troy V. Olsen and    Attorneys for Plaintiff Microsoft Corporation
Dikata, Inc.

PROTECTIVE ORDER REGARDING HANDLING OF
TRADE SECRETS AND CONFIDENTIAL MATERIAL - 11
CASE NO. CV06-1835-RSM

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001